In re Dewey H. HOWARD, Debtor.

Dewey HOWARD, Plaintiff,

v.

NATIONAL WESTMINSTER BANK, U.S.A., Defendant.

Bankruptcy No. 892–83488.
Adv. No. 894–8314–478.

United States Bankruptcy Court, E.D. New York.

Aug. 2, 1995.

---

Bruce H. Kaplan, Melville, NY, for plaintiff.

Halpern, Halpern, Axelrod, Kirschenbaum & Phillips, P.C. by Christopher J. Badum, Mineola, NY, for defendant.

## AVOIDANCE OF UNSECURED NON–CONSENSUAL LIEN ON DEBTOR'S RESIDENCE PURSUANT TO 11 U.S.C. § 506(a) and (d)

DOROTHY EISENBERG, United States Bankruptcy Judge.

This matter is before the Court pursuant to an adversary proceeding commenced by Dewey H. Howard (the "Plaintiff"), seeking to avoid the non-consensual judicial lien held by National Westminster Bank USA (the "Defendant") on the Plaintiff's residence, pursuant to 11 U.S.C. Sections 506(a) and (d) of the Bankruptcy Code. In the alternative, the Plaintiff seeks to have the judgment lien avoided as a preference pursuant to Section 547 of the Code. Based on the facts of this case, the Court finds that the Defendant's lien may be avoided pursuant to Sections 506(a) and (d) of the Code. The Court finds that there are insufficient facts to make a finding under Section 547 of the Code. Since the relief sought would be the same, there is no need for a determination under this section of the Bankruptcy Code.

### FACTS

On June 18, 1992 the Plaintiff and his wife filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Each received an order of discharge on November 6, 1992. The parties do not dispute the facts. The Plaintiff and Tracy A. Howard, his wife, are tenants by the entirety of property located at 14 Crescent Beach Drive, Huntington, New York (the "Residence"). The fair market value of the Residence as of July 27, 1992 was $250,000. The Residence is subject to a lien arising from a first mortgage dated September 19, 1988 and recorded on November 16, 1988 in favor of Home Savings of America, FSB. The original amount of the mortgage was $261,000, but arrears and related charges brought the principal sum to over $302,000 as of August 20, 1992. As a result, there was no equity in the property as of June, 1992. Further, a judgment lien in the amount of $35,455.81 is held by the Defendant, solely against the Plaintiff, and was filed with the Suffolk County Clerk's Office as of March 25, 1992. The lien was recorded within ninety days prior to the filing of the Plaintiff's petition.

The case was closed on January 6, 1994 and reopened by order of this Court on July 8, 1994, at the request of the Debtor, for the purposes of commencing this adversary proceeding. The order dated July 8, 1994 also severed Tracy Howard from the case. Thereafter, the Plaintiff commenced this adversary proceeding against the Defendant, seeking to have the Defendant's judicial lien (1) avoided pursuant to Sections 506(a) and 506(d) of the Code, and/or (2) avoided as a preference pursuant to Section 547 of the Code. The Plaintiff made a motion for a determination of the issues, and the parties agreed as to the facts relevant to the Plaintiff's cause of action pursuant to Section 506(a) and (d) of the Code. No evidentiary hearing took place, and the Court bases its findings solely on the papers presented and on oral argument by the adversaries.

### DISCUSSION

In essence, the first issue before the Court is whether, in a Chapter 7 case, Section 506(d) of the Bankruptcy Code can be applied to "strip down" a non-consensual lien on a debtor's residence, which, by virtue of a large first mortgage, is wholly unsecured. To answer this question, the Court must determine whether, given the facts of this case, the prohibition against "strip downs" in

Chapter 7 cases as enunciated by the Supreme Court in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) is controlling. In *Dewsnup*, the Chapter 7 debtor was attempting to "strip down" a mortgagee's lien on real property to a judicially determined value of the collateral, where the claim was secured by a mortgage lien and allowed under Section 502 of the Bankruptcy Code. In that case, the value of the collateral exceeded the value of the first mortgage, leaving excess value to which a portion of the second mortgage could attach.

Although at first blush the Supreme Court's holding in *Dewsnup* appears to close the door on any type of lien modification under Sections 506(a) and (d) of the Code in a Chapter 7 case, a careful reading of *Dewsnup* and its limited holding proves otherwise. The Supreme Court's decision in *Dewsnup* turned in large part on the specific facts of that case and the Court's interpretation of Section 506(a) and (d) of the Code, in conjunction with the pre–Code rule that liens pass through bankruptcy unaffected. Section 506 of the Code provides in part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim....
....

(d) [t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The Supreme Court focused its analysis on Section 506(d) of the Code and whether the lien had been fully allowed pursuant to Section 502 of the Code. The Supreme Court's selective reading of Section 506 appears to have been prompted by its desire to preserve the pre–Code law that a lien on real property passed through bankruptcy unaffected, and to protect the mortgagee. *Dewsnup v. Timm*, 502 U.S. at 416, 112 S.Ct. at 778. As stated by the Supreme Court: "the creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee. The voidness language [of Section 506 of the Code] sensibly applies only to the security aspect of the lien and then only to the real deficiency in the security. Any increase over the judicially determined valuation during the bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims have been allowed and who had nothing to do with the mortgagor-mortgagee bargain." *Id.*

In addition to the specific relationship between a mortgagor and mortgagee, the Court focused on the pre–Code law as well. As the Court noted, "no provision of the pre–Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt.... When Congress amends the bankruptcy laws, it does not write 'on a clean slate.' Furthermore, this Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre–Code practice that is not the subject of at least some discussion in the legislative history." *Id.* at 418, 112 S.Ct. at 779 (citations omitted).

Although the Supreme Court clearly limited the applicability of its decision to the facts of that case, several other courts have applied its reasoning in Chapter 7 cases where the lien sought to be avoided is non-consensual, thereby limiting the Section 506(d) avoidance power to cases where the underlying claim is disallowed. *See In re Mershman*, 158 B.R. 698 (Bankr.N.D.Ohio 1993); and *In re Gonzalez*, 149 B.R. 9 (Bankr. D.Mass.1993). This Court does not follow these cases.

For² several reasons, the Court finds that *Dewsnup* is not applicable to this case and the Defendant's *judicial* lien can be avoided under Section 506 of the Code. (Emphasis added). First, this is a non-consensual lien. The parties never bargained to secure the debt with a lien on the Residence. As a result, one of the major underpinnings of *Dewsnup* does not apply. Unlike a mortgagee, a judgment creditor takes its chances when attempting to secure the judgment. Therefore, if there is no property to secure the debt then the judgment remains unsecured.

Second, the judgment debt in this case is entirely unsecured. In *Dewsnup*, the value of the property in question exceeded the first mortgage, leaving some equity to which the second mortgage could attach in part. Where the collateral has no equity remaining to which the lien can attach, then that lien holder would receive nothing in the event of a judicial sale of the collateral. The amount of the first mortgage exceeds the value of the collateral by over $50,000, rendering the Defendant wholly unsecured. The Defendant does not stand a reasonable chance of receiving anything from a sale of the Residence.

This analysis is in harmony with the Supreme Court's later decision *Nobelman v. American Savings Bank,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). In *Nobelman,* the Supreme Court answered the question of whether Section 1322(b)(2) of the Bankruptcy Code barred a Chapter 13 debtor from relying on Section 506(a) of the Code to bifurcate an undersecured homestead mortgage to a secured and unsecured component. In reaching its conclusion that Section 1322(b)(2) of the Code does prohibit bifurcation as it modifies the claim, the Supreme Court concluded that it was appropriate to look to Section 506(a) of the Code as a preliminary matter to determine the status of the secured claim in question. In *Nobelman,* the mortgage was partially secured, which affected the treatment of the claim under Section 1322(b)(2) of the Code. However, in this case, the Defendant has a completely unsecured claim pursuant to Section 506(a) of the Code, and therefore, the Defendant has no secured lien.

Therefore, the Court finds in favor of the Plaintiff as to the first cause of action, and holds that the lien is wholly unsecured within the meaning of Section 506(a) and (d) of the Code. As a result, the Defendant's lien is avoided in full.

As to the second cause of action pursuant to Section 547 of the Code, there is no need to make a finding. The relief requested, albeit under a different legal theory, is identical to that in the first cause of action. On its face, this appears to be a voidable lien pursuant to Section 547 of the Bankruptcy Code. However, the Court notes that there are insufficient facts to make a determination as to the other elements required to establish preference such as the solvency of the Debtor at the time the judgment lien was docketed, and as to whether the docketing of the judgment enabled the defendant to receive more than it would have received if the transfer had not been made. Therefore, the Court makes no findings as to the second cause of action.

### CONCLUSION

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. Section 1334.

2. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(F) and (K).

3. The Plaintiff's request for declaratory relief as to Sections 506(a) and (d) of the Code is granted, and the lien held by the Defendant is avoided in full.

4. The Plaintiff's request for declaratory relief as to Section 547 of the Code is not decided, as the relief being sought is identical to that of the first cause of action, and issues of fact remain which preclude a finding by the Court.

Settle an Order in accordance with this decision.