**In re Edward T. SWIATEK, Jr., and Lynn M. Swiatek, Debtors.**

**Edward T. Swiatek, Jr., and Lynn M. Swiatek, Plaintiffs,**

v.

**Robert Pagliaro, Defendant.**

**Bankruptcy No. 96–00381.**
**Adversary No. 97–0183.**

United States Bankruptcy Court, D. Delaware.

March 3, 1999.

Joseph P. Green, Green, Green, Godowsky & McFadden, Wilmington, DE, for debtors.

Stephen E. Jenkins, Ashby & Geddes, Wilmington, DE, for defendant.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is Debtors' Complaint to Determine Secured Status and Void Lien Pursuant to 11 U.S.C. § 506. This chapter 7 bankruptcy case was filed on March 20, 1996. Debtors were discharged on July 19, 1996. In October of 1997 this complaint was filed.

Prepetition, Defendant filed a default judgment against Debtors in the Prothonotary's Office of New Castle County, Delaware, thereby creating a lien against Debtors' real property.[2] The parties do not dispute that Defendant holds a nonconsensual judicial lien and the balance of two mortgages senior to Defendant's lien equals or exceeds the value of the property.

Debtor contends that because the judgment lien is totally unsecured, Defendant's claim is unsecured and, therefore, not an allowed secured claim. Accordingly, it is Debtors' position that Defendant's lien is void pursuant to 11 U.S.C. § 506(d).

Section 506 provides, in pertinent part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use....

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

2. Section 1325 of title 10 of the Delaware Code Annotated provides:

(a) All civil judgments rendered by the Court shall be entered in a judgment docket, which shall be properly indexed. The judgment shall not constitute a lien upon real estate, but a transcript thereof may be filed in the office of the Prothonotary of the Superior Court in any or all of the three counties of the State upon request therefor to the Clerk by the judgment creditor in the judgment, without necessity of a motion or order, and the Prothonotary shall enter in the judgment docket the names of the parties, the amount of the judgment, the name of the court in which the judgment was recovered, the time from which interest runs, and the amount of the costs, with the true date of such filing and entry. The judgment, so transferred, shall, from that date, become and be a lien on all the real estate of the debtor in the county in the same manner and as fully as judgments rendered in the Superior Court as liens, and may be executed and enforced in the same manner as judgments of the Superior Court....

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Nothing in the record before us indicates that (d)(1) or (2) applies. Therefore, if we determine that Defendant's claim is not an allowed secured claim, his lien will be avoidable.

Defendant moved to dismiss the complaint on the basis of the Supreme Court's holding in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In *Dewsnup*, the Supreme Court held that § 506 did not permit a chapter 7 debtor to strip down a consensual lien to the judicially determined value of the collateral. If Defendant's claim is an "allowed secured claim", we must determine whether *Dewsnup v. Timm* applies to nonconsensual liens.

*"Allowed Secured Claim"*

In *Dewsnup* the Court held that § 506(d) does not allow the strip down of a lien that is secured and has been fully allowed pursuant to § 502. In *Dewsnup* the trustee had abandoned the property. The bankruptcy court reasoned that § 506(a) did not reach the property because, once abandoned, the estate had no interest in it and § 502(a) applies only to property in which the estate has an interest. The district court and the Court of Appeals for the Tenth Circuit affirmed the bankruptcy court, as did the Supreme Court. The Supreme Court recognized that its interpretation of § 506 may not be applicable "to all possible fact situations" and it therefore *focused upon the case before it.* 502 U.S. at 416–17, 112 S.Ct. at 778. Notwithstanding this statement, *Dewsnup* speaks in fairly broad terms about liens passing through bankruptcy unaffected. The Supreme Court noted that the pass-through was what occurred under the Bankruptcy Act of 1898 and nothing in the legislative history of the Bankruptcy Code of 1978 indicates that Congress intended a change. "Apart from reorganization proceedings, . . . no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any

reason other than payment on the debt." 502 U.S. at 418–19, 112 S.Ct. at 779. Based on its "reluctant[ance] to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history", 502 U.S. at 419, 112 S.Ct. at 779, and recognizing the ambiguity in § 506, the court found it implausible and "contrary to basic bankruptcy principles" to "attribute to Congress the intention to grant a debtor the broad new remedy against allowed claims to the extent that they become 'unsecured' for purposes of § 506(a) without the new remedy's being mentioned somewhere in the Code itself or in the annals of Congress." *Id.* at 419–20, 112 S.Ct. at 779. Thus, as long as the

> claim . . . has been "allowed" pursuant to § 502 . . . and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of § 506(d), which voids only liens corresponding to claims that have *not* been allowed and secured.

*Dewsnup*, 502 U.S. at 415, 112 S.Ct. at 777 (emphasis in original). *See also In re Jablonski*, 139 B.R. 150 (Bankr.W.D.Pa.1992). *Jablonski* recognized that *Dewsnup* overruled *Gaglia v. First Federal Sav. and Loan Ass'n.*, 889 F.2d 1304 (3d Cir.1989). *Gaglia* allowed debtors to void that portion of a lien which exceeded the value of the property the bankruptcy court said

> [t]he Supreme Court declined to read § 506(d) as creating a remedy against allowed claims to the extent that they are unsecured for purposes of § 506(a) of the Code.

139 B.R. at 152.

Section 502(a) provides that a claim is allowed unless an objection is filed. The record before us does not establish that an objection was ever filed or that the claim was disallowed for any other reason. Accordingly we find that the claim underlying the judgment lien is allowed. As in *Dewsnup*, however, the estate no longer has an interest in the claim inasmuch as Debtors have been discharged and the trustee filed a notice of

abandonment on May 2, 1996. Furthermore, the bankruptcy case was closed on August 6, 1996, which also effects an abandonment to the debtor.[3] 11 U.S.C. § 554(c). Thus, if *Dewsnup* applies to nonconsensual liens, Defendant's lien is not avoidable, even if it is undersecured. The courts are divided on whether *Dewsnup* applies to nonconsensual liens.

*In re Wrenn*, 40 F.3d 1162 (11th Cir.1994), held that a chapter 7 judgment creditor's claim was an allowed secured claim post-discharge for purposes of § 506 where the debtor had not objected to the claim. In *Wrenn* the debtor argued that the lien was void because the discharge of the underlying claim was, in effect, a disallowance of that claim and, therefore, the claim was not "allowed" for § 506 purposes. The court rejected that argument because nothing in the Bankruptcy Code provides that a discharge of a "judgment automatically disallowed a claim based on that judgment." In *In re Howard*, 184 B.R. 644 (Bankr.E.D.N.Y.1995), the court held that a nonconsensual judicial lien which was entirely unsecured could be stripped down pursuant to § 506(d). A judgment creditor has not bargained for its position, in the view of the *Howard* court. The court noted that there was no equity to which the lien could attach and the creditor did not stand a reasonable chance of recovering from any sale of the property. The court's decision was based on its conclusion that *Dewsnup* was limited to the facts with which the Supreme Court was faced, and those facts dealt only with a consensual lien.

The court in *In re Howard*, 184 B.R. 644 (Bankr.E.D.N.Y.1995), noted its disagreement with *In re Mershman*, 158 B.R. 698 (Bankr.N.D.Ohio 1993),[4] where debtors filed a motion to avoid a judgment lien under § 522(f) and moved to avoid the judgment lien pursuant to § 506. The court in *Mershman* rejected the view that nonconsensual

liens could be stripped down and concluded that lien avoidance depends on whether the lien itself is allowed or disallowed under § 502 and whether it is secured or unsecured. 158 B.R. at 703. The court noted that § 502(a) provides that "a claim is allowed unless a party in interest objects." *Id.* at 703. The court found that judicial liens are "allowable under Section 502(a)", *id.*, and, therefore, the lien at issue was an allowable claim.[5] As noted above, in the case at bench, Debtors have been discharged and the record before us does not show that there was an objection to the Defendant's claim before the discharge. Accordingly, pursuant to § 502, the claim has been allowed and is an allowed claim for purposes of § 506. Section 506 speaks to the creditor's interest in the *estate's* interest in Debtors' property. Since the case has been closed, the estate no longer has an interest in Debtors' property.

*Mershman* is consistent with *Dewsnup*. *Dewsnup* concerned a consensual lien and not a judgment lien, but the Supreme Court's examination of the history of liens under the Bankruptcy Code and its conclusion based on that examination is not so limited. The Court was very clear in stating that if the claim has been allowed, the lien is not avoidable. The Court cited *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991), for the proposition that a bankruptcy discharge extinguishes only one mode of enforcing a claim, i.e., an action against the debtor *in personam*, while leaving intact an action against the property *in rem*. The *in rem* aspect of a judgment is equally as viable in the context of a non-consensual lien as in that of a consensual one. *Dewsnup*, 502 U.S. at 418, 112 S.Ct. at 778. Although in *Dewsnup* the claim was undersecured, not totally unsecured, we think the same result obtains under the *Dewsnup* rationale when the claim is completely unsecured in a chapter 7 and no objection to the

---

3. The case was reopened for purposes of filing this adversary complaint.

4. *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass. 1993), *vacated* 191 B.R. 2 (D.Mass.1996). *Gonzalez* primarily involved a § 522(f) issue and § 506 was mentioned in the context of the meaning of the word "impairs" with respect to

§ 522(f) lien avoidance. Accordingly, *Gonzalez* is not on point.

5. A claim is a right to payment. 11 U.S.C. § 101(5). A debt is a liability on a claim. § 101(12). A lien is a "charge against or interest in property to secure payment of a debt." § 101(37).

claim has been filed and sustained. The Supreme Court has decided that the increase over the judicially determined valuation of the property inures to the benefit of the mortgagee, not the debtor. *Dewsnup,* 502 U.S. at 417, 112 S.Ct. at 778. We can discern little reason why the same principle does not apply to nonconsensual lienors.