**In re Shirley ZEMPEL, Debtor.**

**Shirley Zempel, Plaintiff,**

v.

**Household Finance Corp., Defendant.**

**In re John D. Bloomer and Rita J. Bloomer, Debtors.**

**John D. Bloomer and Rita J. Bloomer, Plaintiffs,**

v.

**PNC Bank, Defendants.**

**Bankruptcy Nos. 98–33345(2)7, 98–34417(2)7.**

**Adversary Nos. 98–3228, 98–3274.**

United States Bankruptcy Court, W.D. Kentucky, Louisville Division.

May 24, 1999.

Susan Whipple, Louisville, KY, for Defendant.

Dennis Kurtz, Louisville, KY.

Michael Brodarick, Louisville, KY.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

The two above-captioned Bankruptcy actions are before the Court on separate matters. The *Shirley E. Zempel vs. Household Finance Corp.* adversary proceeding ("the Zempel Adversary Proceeding") is before the Court on the Debtor's Motion for Default Judgment. The *John D. Bloomer and Rita J. Bloomer vs. PNC Bank* adversary proceeding (the "Bloomer adversary proceeding") is before the Court on the parties' Cross–Motions for Summary Judgment. The Court will consider these cases jointly, however, as they both raise the same novel legal issue: whether a Chapter 7 debtor can avoid a junior lien on property that is already encumbered with other senior liens, when the value of the senior liens equals or exceeds the value of the encumbered property. Specifically, the question is whether, under these circumstances, the junior lien is rendered "unsecured" under 11 U.S.C. § 506(a) and, thus, void under § 506(d).

This issue has never been addressed by the Sixth Circuit, and has been addressed by very few courts outside of the Sixth Circuit. Having fully read and considered the briefs filed by all parties and the case law cited therein, as well as having conducted its own independent research, the Court concludes that the junior lien under the described circumstances is rendered totally unsecured under § 506(a) by the fact that the value of the senior lien(s) equals or exceeds the value of the property. Thus, the junior lien is rendered void by § 506(d). Accordingly, the Debtors in the two cases presently before this Court are entitled to avoid the junior liens at issue in their respective cases.

The Court sets forth the facts involved in each of the cases, and the legal analysis supporting its decision as follows.

## FACTS

### A. THE ZEMPEL ADVERSARY PROCEEDING

The Debtor, Shirley E. Zempel ("Zempel"), filed a Chapter 7 petition in Bankruptcy on June 17, 1998. On Schedule A, Zempel listed a condominium located at 12700 North AIA, Building 7, 203, Indiatlantic, Florida, with an estimated fair market value of $47,000.00. On Schedule D, Zempel listed as encumbrances on the condominium a contract for deed with Albert King in the amount of $48,000.00, and a second consensual mortgage to Household Finance Corporation ("Household") in the amount of $24,000.00. The Trustee filed a no-asset report on August 21, 1998, and Zempel was granted a discharge on October 2, 1998.

On September 25, 1998, Zempel filed a Motion to avoid the lien of Household, pursuant to § 506(d), asserting that a junior lien that is totally unsecured may be avoided where the senior lien is greater than the value of the property. Specifically, Zempel contends that Household's junior lien is unsecured as a result of the fact that the first mortgage (the senior lien) exceeds the estimated fair market value of the property. Accordingly, Zempel argues, Household's claim cannot qualify as an "allowed secured claim" and is, therefore, avoidable under § 506(d).

In addition to filing the Motion to Avoid Household's lien, Zempel filed a Proof of Claim on behalf of Household, as well as an Objection to Household's claim and an adversary proceeding to determine the validity of the lien. The Court combined the adversary proceeding with the lien avoidance Motion and Zempel's Objection to Household's Claim, ordered the parties to file briefs, and submitted the matter for decision. Household failed to file a brief, did not respond to the claim Objection, and

failed to file an Answer to the adversary proceeding Complaint. Zempel has, accordingly, moved for entry of a default judgment.

■ While it is true that "[u]pon default, the Court is generally required to deem as true the well pleaded allegations of a Complaint...it is not required to agree that the pleaded facts constitute a valid cause of action." *In re Yi*, 219 B.R. 394, 396 (E.D.Va.1998) (quoting 10 Collier on Bankruptcy ¶ 7055.02[2], at 7055–5 (Lawrence P. King, ed., 15th ed. Rev. 1997)). Thus, the Court addresses the legal basis for awarding relief to Zempel below, as this case involves a legal issue this Court has never before addressed.

### B. THE BLOOMER ADVERSARY PROCEEDING

The Debtors, John and Rita Bloomer (the "Bloomers"), filed a Chapter 7 Bankruptcy Petition on August 13, 1998. The Bloomers listed in their schedules real property located at 340 Lombardy Drive, Cecilia, Kentucky. They listed the value of that property as being $100,000.00, which is the tax assessed value. The Bloomers additionally listed three encumbrances on that property: (1) a first mortgage to First Federal Bank in the amount of $50,000.00; (2) a second mortgage to Bank One in the amount of $50,000.00; and (3) a third mortgage to PNC Bank in an unknown amount, which secures a Small Business Administration loan. Thus, mortgages one and two consume the entire value of the property, leaving zero equity for the third mortgage holder.

On November 16, 1998, the Bloomers filed a Proof of Claim for PNC Bank, as well as this adversary proceeding by which they seek to avoid PNC Bank's third mortgage pursuant to § 506(d). Like Ms. Zempel, the Bloomers contend that PNC Bank's third mortgage is unsecured by the fact that there are senior liens that consume the value of the property and, as a result, PNC Bank's claim cannot qualify as

an "allowed secured claim" for purposes of § 506(d). Accordingly, the Bloomers contend, PNC Bank's lien is void under § 506(d).

PNC Bank, on the other hand, argues that a Chapter 7 debtor is precluded from avoiding a junior lien under facts such as these by the United States Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The *Dewsnup* Opinion holds that a Chapter 7 debtor may not "strip down" a secured lender's lien on real property to the extent that the lien exceeds the fair market value of the property.

PNC Bank and the Bloomers have filed Cross–Motions for Summary Judgment, asserting their relative positions.

### LEGAL ANALYSIS.

■ The precise legal issue the Court must address is whether a Chapter 7 debtor may avoid a junior lien on property under § 506(d) which is wholly unsecured by virtue of the fact that the property is encumbered with other, senior liens, the value of which equals or exceeds the value of the property. The Court concludes, for the reasons that follow, that the junior lien may be avoided under such circumstances pursuant to § 506(d).

In reaching this conclusion, the Court first engages in an in-depth analysis of the Supreme Court's *Dewsnup* decision.

### A. ANALYSIS OF DEWSNUP.

The Supreme Court held in the *Dewsnup* case that a Chapter 7 debtor may not invoke § 506(d) to strip down a lien on real property to the extent that the lien exceeds the fair market value of the property. 502 U.S. at 410, 112 S.Ct. 773. In *Dewsnup*, the creditor at issue had a claim in the amount of $120,000.00, that was secured by a consensual lien on real estate owned by the debtor. The creditor had loaned the debtor $120,000.00, the debtor had defaulted on the loan, but, before a foreclosure sale could be conducted, the debtor filed for bankruptcy under Chapter 7. The fair market value of the debtor's property was listed as $39,000.00. The debtor filed an adversary proceeding seeking to avoid that portion of the $120,000.00 lien that exceeded the $39,000.00 value of the property. In seeking avoidance of that portion of the lien, the debtor relied upon § 506(a) and § 506(d) of the Bankruptcy Code.

§ 506(a) provides impertinent part:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim."

Paragraph(d) of § 506 provides:

"To the extent that a lien secures a claim against the debtor that is not an *allowed secured claim,* such lien is void..."

The debtor in *Dewsnup* asserted that these two sections were to be read together, and as such required that the value of the creditor's lien be reduced to the value of the property securing the loan. Specifically, the debtor argued that under § 506(a) an allowed claim is secured only up to the value of the property; therefore, any part of the claim that exceeded the value of the property was unsecured. The debtor went on to argue that because § 506(d) states that a lien is void to the extent that it secures a claim that is not an allowed secured claim, it followed that the excess portion of the claim, being that amount which exceeded the value of the property, was not an "allowed secured claim" and was accordingly void. Put in other terms, the debtor argued, sections 506(a) and 506(d) permitted the secured lien to be bifurcated and avoided, or "stripped down," to the extent of the unsecured portion. *Dewsnup*, 502 U.S. at 410, 112 S.Ct. 773.

The Supreme Court rejected this argument, holding that paragraphs (a) and (d) were not required to be construed together. "Rather, the words [in § 506(d)] should be read term-by-term to refer to any claim that is, first, allowed, and, second, secured." *Dewsnup*, 502 U.S. at 415, 112 S.Ct. 773. Thus, under *Dewsnup*, a determination must first be made as to whether the claim at issue is· "allowed." Secondly, and independent from any reference to paragraph (a), it must be determined whether the claim at issue is "secured" by collateral. The Supreme Court held that a claim qualified as being secured by collateral as long as there was "some" collateral to which the lien could attach. *Id.* The Supreme Court stated that it did not matter if the value of the collateral was less than the value of the lien. All that is required under *Dewsnup* to render the claim "secured," is the existence of "some" collateral. *Id.* Once it is determined that the claim is *both* allowed and secured by the existence of any collateral at all, the lien may not be touched. *Id.* In summation, the Supreme Court held that § 506(d) does not permit a Chapter 7 debtor to "strip down" a creditor's lien to the value of the underlying collateral. *Id.*

At first blush, *Dewsnup* appears to preclude any type of lien modification under § 506(d) in a Chapter 7 case. However, a .close reading of the *Dewsnup* holding proves otherwise.

### B. *DEWSNUP DISTINGUISHED.*

As at least two other courts, the opinions of which this Court finds highly persuasive, have found that *Dewsnup* precludes *only* the "stripping down" of a lien in a Chapter 7 case. *In re Yi*, 219 B.R. 394, 397 (E.D.Va.1998); *In re Howard*, 184 B.R. 644, 646–47 (Bankr.E.D.N.Y.1995). It does not, however, preclude the "stripping off" of a lien when there is *no collateral* to which the lien may attach, which is what the Debtors in the two cases presently before this Court are attempting to accomplish. *Yi*, 219 B.R. at 397; *Howard*,

184 B.R. at 646–47. There is a crucial distinction between "stripping down" a lien and "stripping off" a lien. *Yi*, 219 B.R. at 397; *See also Howard*, 184 B.R. at 646–47. A lien is "stripped down" when an *undersecured* lien is bifurcated and the unsecured portion is avoided, leaving the secured portion intact. *Yi*, 219 B.R. at 397, n. 6. That is what *Dewsnup* precludes. A lien is "stripped off," however, when the entire lien is avoided, due to the fact that it is *unsecured*, as opposed to undersecured. *Id.*

*Dewsnup* is simply not applicable to claims that are completely unsecured, as is the case with the two adversary proceedings presently before the Court. In *Dewsnup*, only a portion of the value of the claim at issue exceeded the value of the property. Thus, the claim was both (1) allowed, and (2) *secured*, albeit *undersecured*, for purposes of § 506(d). Consequently, according to the *Dewsnup* interpretation of § 506(d), the lien could not be "stripped down," or avoided in any manner.

In the *Zemple* and *Bloomer* cases presently before this Court, however, the claims at issue are totally *unsecured*. There is no equity whatsoever to which the junior liens at issue could attach, the senior liens having completely consumed the respective values of the two properties. The plain language of § 506(a) dictates that a creditor's claim "is a secured claim to the extent of the value of such *creditor's interest in the estate's interest in such property ...*" In both the *Zemple* case and the *Bloomer* case, the Debtors have *no equity* in the property. Thus, under § 506(a), the junior claimants at issue in both cases have *unsecured* claims. *See Yi*, 219 B.R. at 397; *Howard*, 184 B.R. at 646–47. "Where there is no value underlying the claim, there is not a secured claim, despite the existence of a document to the contrary." *Yi*, 219 B.R. at 397.

Thus, having established that the junior claims presently at issue before this Court are unsecured, they cannot qualify as "al-

lowed, secured" claims under § 506(d). While it has not been disputed that either of the junior claims are "allowed," they both certainly fail to qualify as "secured." Consequently, § 506(d) directs a completely different treatment of these claims than the treatment required of claims that are secured by the existence of some equity, even if severely undersecured. *Yi,* 219 B.R. at 394; *Howard,* 184 B.R. at 644. Section 506(d) expressly mandates that when a lien secures a claim that is not *both* (1)allowed and (2) *secured,* "such lien is *void.*" (emphasis added); *Yi,* 219 B.R. at 397–400; *Howard,* 184 B.R. at 646–47. Accordingly, the Court holds that in *Zempel,* the Debtor is entitled to avoid the junior lien held by *Household* in the amount of $24,000.00, and in *Bloomer,* the Debtor is entitled to avoid the junior lien held by PNC Bank.

In reaching this holding, this Court joins with the United States District Court sitting in the Eastern District of Virginia, the Bankruptcy Court sitting in the Eastern District of New York, and the Bankruptcy Court sitting in the Eastern District of Kentucky in its unpublished decisions. *Yi,* 219 B.R. at 394; *Howard,* 184 B.R. at 644; *In re Courtney,* Case no. 96–51166 (Bankr. E.D.Ky. Oct. 9, 1997)(unpublished decision). The Court notes that there are two decisions, one from Delaware and one rendered by the Ninth Circuit Bankruptcy Appellate Panel, that have reached the opposite result. *In re Laskin,* 222 B.R. 872 (9th Cir. BAP 1998); *In re Swiatek,* 231 B.R. 26 (Bankr.D.Del.1999). Both cases decline to recognize a distinction between § 506(d)'s treatment of undersecured claims and claims that have been rendered unsecured as a result of senior liens equaling or exceeding the value of the collateral. These two cases find that *Dewsnup's* preclusion of lien avoidance applies equally to both instances.

For the reasons set forth above, this Court rejects the holdings reached by the *Swiatek* Court and the *Laskin* Court, and instead adopts the legal analysis of the opposing line of cases, finding that analysis to be more persuasive.

### C. *VALUE OF DEBTORS' PROPERTY.*

Finally, the Court notes that in engaging in this analysis, it has adopted the property valuations supplied by the Debtors in these two cases. In the *Zempel* case, the creditor holding the junior lien, Household, has not challenged the value Debtor has assigned to her real estate. She states that the fair market value is $48,000.00. As this figure is undisputed, the Court has accepted this amount as the proper value.

■ In *Bloomer,* however, PNC Bank, the creditor holding the unsecured junior lien, has complained that the Debtor's use of the tax assessed value of the property is not an accurate valuation. That is the only value that has been presented to this Court. While PNC Bank complains about the use of that valuation, it has not provided this Court with an alternative valuation. Absent any evidence to the contrary, the Court finds the tax assessment to be an accurate indicia of the value of Debtor's property. Additionally, the Court notes that PNC Bank has made a Cross–Motion for Summary Judgment, expressly stating that "[t]here exists no genuine issue of material fact..." Accordingly, the Court has accepted the tax assessed value as the appropriate value for the Debtor's property in this case.

### *CONCLUSION*

For the above-stated reasons, the Court holds that the material facts are not in dispute and the Debtors in both the *Zempel* case and the *Bloomer* case are entitled as a matter of law to avoid the unsecured junior liens on their respective properties. Specifically, in *Zempel,* Ms. Zempel is entitled by law to avoid in its entirety the lien held by Household in the amount of $24,000.00. In *Bloomer,* the Bloomers are entitled by law to avoid in its entirety the third mortgage held by PNC Bank.

Accordingly, the Court by separate Order will sustain Ms. Zempel's Motion for Default Judgment, will sustain the Bloomers' Motion for Summary Judgment, and will overrule PNC Bank's Cross–Motion for Summary Judgment.