**In re John E. KELTZ and Patricia D. Keltz, Debtors.**

**John W. KELTZ and Patricia D. Keltz, Movants,**

v.

**HOMEQ, Respondent.**

**Bankruptcy No. 01–10593.**
**Motion No. JWM–1.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 9, 2001.

James W. Malys, Oil City, PA, Attorney for Debtors.

United States Trustee, Pittsburgh, PA.

*OPINION*

WARREN W. BENTZ, Bankruptcy Judge.

John E. Keltz and Patricia D. Keltz ("Debtors") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on March 26, 2001.

Debtors own a residence with an asserted value of $17,000. Debtors assert that HomEq holds a first mortgage with a payoff of $52,265.54 and a second mortgage with a payoff of $36,337.14. Presently before the Court is Debtors' Motion to Determine Secured Status. Debtors' request a determination that the value of Debtors' residence is $17,000 and an Order which limits the secured claim of HomEq to $17,000, in effect a stripping down of the first mortgage to the value of the residence and a stripoff or elimination of the second mortgage. The relief requested is not warranted under existing bankruptcy law and the Motion must be refused.

The United States Supreme Court has rejected lien stripping in Chapter 7. *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct.

773, 116 L.Ed.2d 903 (1992). *See also In re McDonald,* 205 F.3d 606 (3d Cir.2000). Thus, Debtors cannot strip down the first mortgage to the value of the residence.

While expressing no view on the issue, the Court of Appeals for the Third Circuit also notes "that courts are split on whether *Dewsnup's* rejection of lien stripping in Chapter 7 applies to a wholly unsecured lien." *In re McDonald,* 205 F.3d at 614–15. We will follow those cases which find that *Dewsnup* is applicable and that completely underwater liens cannot be stripped off. *In re Fitzmaurice,* 248 B.R. 356 (Bankr.W.D.Mo.2000); *Cunningham v. Homecomings Fin. Network (In re Cunningham),* 246 B.R. 241 (Bankr.D.Md. 2000); *Cater v. American Gen. Fin. (In re Cater),* 240 B.R. 420 (M.D.Ala.1999); *In re Virello,* 236 B.R. 199 (Bankr.D.S.C.1999); *Swiatek v. Pagliaro (In re Swiatek),* 231 B.R. 26 (Bankr.D.Del.1999); *Laskin v. First Nat'l Bank of Keystone (In re Laskin),* 222 B.R. 872 (9th Cir. BAP 1998); *Crossroads of Hillsville v. Payne,* 179 B.R. 486 (W.D.Va.1995); *In re Mershman,* 158 B.R. 698 (Bankr.N.D.Ohio 1993). *Contra see Farha v. First Am. Title Ins. (In re Farha),* 246 B.R. 547 (Bankr.E.D.Mich. 2000); *Warthen v. Smith (In re Smith),* 247 B.R. 191 (W.D.Va.2000) *aff'd.* 243 F.3d 540 (4th Cir.2001), *cert. filed* (April 10, 2001) (No. 00–1574); *Zempel v. Household Fin. Corp. (In re Zempel),* 244 B.R. 625 (Bankr.W.D.Ky.1999); *Yi v. Citibank (Md.), N.A. (In re Yi),* 219 B.R. 394 (E.D.Va.1998); *Howard v. National Westminister Bank, U.S.A. (In re Howard),* 184 B.R. 644 (Bankr.E.D.N.Y.1995).

An appropriate Order will be entered.

### ORDER

This 9 day of May, 2001, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the within Motion is DISMISSED.