822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WEFT, INC.; The Tidewater Group, Inc.; William F. Smith,
Plaintiff-Appellee,
v.
Robert C. GEORGAIDE, individually, Defendant-Appellant,
and
G.C. Investment Associates, a limited partnership; G.C.
Management, Incorporated, a corporation; Cheryl
Davenport Christensen, Defendant.
 No. 86-1698.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1987.
Decided June 17, 1987.
 
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Gordon Eugene Boyce (Susan K. Burkhart; Boyce, Mitchell, Burns & Smith, P.A., on brief), for appellants.
 Martha J. Mason (Carl N. Patterson, Jr.; Amos U. Priester, IV; Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Plaintiffs Weft, Inc., the Tidewater Group, Inc., and William F. Smith filed an action for securities fraud against Robert C. Georgiade, G.C. Investment Associates, G.C. Management, Inc., and Cheryl Davenport Christensen. The district court entered default against defendant Georgiade and ultimately entered a default judgment totaling $70,000 plus prejudgment interest. The district court also ordered Georgiade to pay $50,745 in attorneys' fees and $3,677.50 in costs. Defendant Georgiade now appeals the district court's entry of default against him and its refusal to set aside the entry of default. We affirm.
 
 
 2
 Defendants were required to file an answer to plaintiffs' complaint by March 31, 1984. On April 9, 1984, nine days after the answer was due, plaintiffs moved for entry of default. The motion was granted. Pursuant to Fed.R.Civ.P. 55(c), Christensen moved to set aside the entry of default against her on May 7. The district court granted that motion. Georgiade did not move to set aside entry of default against him, however, until July 9--three months after default had been entered. On August 2, the district court denied that motion because Georgiade failed to act with reasonable promptness in moving to set aside the default and gave no reason for the lengthy delay.
 
 
 3
 Where a party fails to act with reasonable promptness in seeking relief under Fed.R.Civ.P. 55(c), the district court does not abuse its discretion by denying the motion. Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir.1974) (four month delay); Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249 (4th Cir.1967) (two and one-half month delay). Our recent decision in Lolatchy v. Arthur Murray, Inc., No. 83-1862 (4th Cir. April 21, 1987), does not aid Georgiade in this regard. There, we reversed a district court's refusal to set aside default even though the defendant delayed ten months in moving to set it aside. The district court did not rely on the factor of delay to justify its refusal, however, and the panel opinion stated that there was "no question in this case ... of due diligence in seeking to have the default set aside." Slip op. at 8 n. 1. Here, by contrast, the district court did rely on Georgiade's lack of due diligence.
 
 
 4
 Where it is clear from the record that a failure such as a lack of due diligence must be blamed on the attorney rather than the client, we have generally not permitted the client to be held responsible to the extent of a "final, involuntary termination of proceedings." United States v. Moradi, 673 F.2d 725, 728 (4th Cir.1982); see also Lolatchy, supra. Georgiade did not, however, present evidence to the district court indicating that the three month delay was solely his attorney's fault. In fact, his motion to set aside gave no reason at all for the delay.
 
 
 5
 On September 14, approximately six weeks after the district court denied his motion to set aside, Georgiade filed a motion for reconsideration. In this motion, for the first time, Georgiade sought to explain his prior lack of due diligence, citing his counsel's personal problems and his own efforts to see that the matter was resolved.
 
 
 6
 Given the lack of any stated reason in the motion to set aside and the untimeliness of the motion to reconsider, the district court did not abuse its discretion by denying it. Fed.R.Civ.P. 55(c) provides that an entry of default may be set aside "for good cause," so a district court can hardly be faulted for denying a motion that states no cause whatsoever. Moreover, we think it pertinent to note that defendant Georgiade is himself a practicing attorney. If his attorney was indeed neglecting this important matter, Georgiade may be held to a higher standard in moving to cure the deficiencies in his representation.
 
 
 7
 The judgment of the district court is therefore
 
 
 8
 AFFIRMED.