**In re Norman B. COHEN and Deborah Kaplan Cohen, Debtors.**

**Bankruptcy No. 92–13161–CJK.**

United States Bankruptcy Court, D. Massachusetts.

June 1, 1992.

Stephen B. Goldenberg, Brookline, Mass., for debtor.

Warren E. Agin, Boston, Mass., for Fed. Nat'l. Mortgage Ass'n.

Henry J. Boroff, Chapter 7 Trustee.

## MEMORANDUM OF DECISION ON MOTION OF FEDERAL NATIONAL MORTGAGE ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY

CAROL J. KENNER, Bankruptcy Judge.

The Federal National Mortgage Association has moved for relief from the automatic stay in order to foreclose on the mortgage it holds on the Debtors' condominium. The Chapter 7 Trustee has not objected to the motion, but the Debtor has objected to it on two grounds: (1) there is equity in the property for the estate;[1] and (2) FNMA's interest in the property is adequately protected. For purposes of argument only, I accept the Debtors' contention that the estate has equity in the condominium of $25,-000.

Where the Chapter 7 Trustee does not object, the objections advanced by the Debtors have no merit in a Chapter 7 proceeding, the primary purpose of which is to liquidate the Debtors' assets in order to satisfy the Debtors' creditors. See 11 U.S.C. § 704(1) (requiring that the Chapter 7 trustee collect and reduce to money the property of the estate) and § 726(a) (requiring that the property of the estate be distributed in payment of claims). FNMA is entitled to liquidation of its claim against the Debtors. Unless there are sufficient assets in the Debtors' estate to satisfy all creditors in full without liquidating the property that is the subject of this motion, which the Debtors do not allege, this property will have to be liquidated. So the question is not whether the property should be liquidated, but who should liquidate it.

On this issue, where the property appears to be substantially, if not completely, encumbered, the Court will not disturb the Trustee's judgment that the mortgage holder should be permitted to liquidate.[2] Therefore, FNMA's motion should be allowed.

Section 362(d)(2) of the Bankruptcy Code, under which a mortgagee must show that the Debtor lacks equity in the property in order to obtain relief from stay, does not require a different result. It requires that the Court grant relief from the automatic stay where the debtor has no equity in the

---

1. The Debtors allege that the property has a value of $100,000 and liens against it totalling only $75,000. FNMA alleges that the value of the property is $70,000, its liquidation value, and agrees with the Debtor as to the amount of the encumbrances.

2. Of course, the mortgagee must liquidate the property in a commercially reasonable manner and account to the estate for whatever proceeds remain (or should remain) after payment of the mortgagee's secured claim.

property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The limitations that this subsection places on relief from stay serve two purposes: in reorganization proceedings in which an effective reorganization is in prospect, it gives debtors the time necessary to obtain confirmation of a plan of reorganization; and in liquidation proceedings under Chapter 7, it protects the Trustee's prerogative to liquidate as he or she sees fit encumbered property in which the estate has equity.

It cannot have been intended to protect Chapter 7 debtors from liquidation of property that (1) must be liquidated in order to pay the creditors' claims, and that (2) the trustee, by assenting (or not objecting) to relief from stay, allows the mortgagee to liquidate. The Trustee's decision to allow the mortgagee to liquidate is an administrative decision that a debtor may challenge and the Court may overturn only for abuse of discretion. The Debtors have not in this case alleged abuse of discretion. Moreover, if the Trustee were to oppose the motion for relief and the Court were to sustain his objection, the Debtors would be no better off. The Trustee would then have to liquidate the property himself. 11 U.S.C. § 704(1). And if for some reason the Trustee decided not to liquidate but instead to abandon the property to the Debtors, the automatic stay would, upon abandonment, cease to protect the property from foreclosure. 11 U.S.C. § 362(c)(1) ("the stay of any act against property of the estate under subsection (a) of this section [the automatic stay] continues until such property is no longer property of the estate").

For these reasons, the Court concludes that despite the presence of equity in this property for the estate, § 362(d)(2)(A) does not, where the Trustee has not objected, require denial of FNMA's motion for relief. Rather, where the Trustee has not objected to the motion for relief, I conclude that there exists "cause" under 11 U.S.C. § 362(d)(1) ("the court shall grant relief from the stay ... for cause") to grant relief from stay, the Debtors' objection notwithstanding.

A separate order will enter allowing FNMA's motion for relief.