**In the Matter of Subhi Y. FARHA and Mariam A. Khala, Debtors.**

**Subhi Y. Farha and Mariam A. Khala, Plaintiffs,**

**v.**

**First American Title Insurance, A California Corporation, Defendants.**

**Bankruptcy No. 99–43496–RRG. Adversary No. 99–4448.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

March 28, 2000.

Paul E. Perry, Bloomfield Hills, MI, for creditor.

Douglas Ellman, trustee.

Donald C. Darnell, Taylor, MI, for debtor.

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV. PROC. 12(b)(6)

RAY REYNOLDS GRAVES, Bankruptcy Judge.

### Introduction

The matter before this Court is Defendant's motion under Fed.R.Civ.Pro. 12(b)(6) to dismiss Debtors' complaint to void mortgage by Creditor, First American Title Insurance Company pursuant to 11 U.S.C. § 506(d). Debtors' complaint seeks to discharge and avoid a third mortgage held by Defendant, First American Title Insurance Company. Defendant asserts that Plaintiff's attempt to void its lien is prohibited in chapter 7 proceedings.

## Background

On March 4, 1999, two individuals, Marvin K. Khala and Subhi Farha filed for protection pursuant to chapter 7 of the United States Bankruptcy Code. The Debtor's schedules list three secured claims on real property located in Ypsilanti, Michigan. The Defendant's assignor, Madison National Bank is among the three secured claims. The first mortgage is to IMC, P.O. Box 11051 Orange, California. It was initially recorded with the Washtenaw County Register of Deeds on December 31, 1991. The second mortgage on the property at issue is to Metropolitan Savings Bank, P.O. Box 241010, Mayfield, Ohio. It was recorded with the Washtenaw County Register of Deeds on April 16, 1996 at 9:58 a.m.. The third mortgage is to the Defendant in the present action, First American Title Insurance Co., or its assignor located at 777 W. Big Beaver Road, Suite 700, Troy, Michigan. Its mortgage was filed with the Washtenaw Register of Deeds on April 16, 1996 at 10:00 a.m., and is listed as wholly unsecured on Plaintiff's Schedule D.

The principle of each mortgage as of the date of filing was:

a. First Mortgage to IMC: $126,549.00

b. Second Mortgage to Metropolitan Savings Bank: $29,309.00; and

c. Third Mortgage to First America Title Insurance Co.: $59,000.00

The property at issue was appraised at $149,000.00 on December 4, 1998 based upon a market analysis.[1] The other two liens have an aggregate sum of $155,858.00. Plaintiff brought this adversary proceeding to void the mortgage held by the Defendant pursuant to 11 U.S.C. § 506(a) and alleges that the first two liens exceed the value of the property by $5,858.00.

1. There were no challenges to the method or amount of determining the fair market value

## Standard for Dismissal

### I.

Fed.R.Civ.P. 12(b)(6) Allows Dismissal of a Complaint for failure to state a claim. B.R. 7012(b) states:

Rule 12 (b)–(h) F.R.Civ.P. applies in adversary proceedings. A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by bankruptcy judge. In non-core proceedings final orders and judgment shall not be entered on the bankruptcy judge's order except with the express consent of the parties.

### Discussion

### II.

█ Defendant relies upon *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) in support of its motion to dismiss and asserts that "lien stripping" is specifically prohibited in chapter 7 proceedings. In *Dewsnup,* a chapter 7 debtor commenced an adversary proceeding seeking to avoid a portion of the mortgage creditor's lien. The debtor sought to reduce the mortgage holder's lien to its fair market value in accordance with *11 U.S.C. § 506(a)* and *(d), Id.* at 413, 112 S.Ct. 773.

The Debtors in *Dewsnup* filed an adversary proceeding contending that the debt of approximately $120,000.00 that was owed to creditor/respondent exceeded the fair market value of the land securing the debt and therefore the lien should be reduced or "stripped" to the fair market value of $39,000.00. Debtors' request for reduction of lien was premised upon the inter-relationship of the security reducing provision of *11 U.S.C. § 506(a)* and the lien voiding provision of *11 U.S.C. § 506(d).* The Debtors relied upon the

by market analysis.

language of *11 U.S.C. § 506(a)* which states:

> an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, thereby giving creditors a lien to the extent of the fair market or judicially determined value.

*11 U.S.C. § 506(d)* states:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

Thus, petitioners in *Dewsnup* argued that the lien could be voided pursuant to *11 U.S.C. § 506(d)* because the claim is no longer secured and thus not allowed pursuant to *11 U.S.C. § 502.*

The Petitioners argued that *11 U.S.C. § 506(a)* bifurcates classes of claims allowed under *11 U.S.C. § 502;* secured and unsecured claims, and in accordance with *11 U.S.C. § 506(a)* any portion of an allowed secured claim deemed to be undersecured is not allowed. The Supreme Court in rejecting the petitioners' argument held that *11 U.S.C. § 506(d)* need not be indivisibly read, in conjunction with *11 U.S.C. § 506(a),* but rather the words should be read term-by-term to refer to any claim that is first, allowed, and second, secured. *Id.* at 773. The Court held that § 506(d) does not allow petitioner to "strip down" respondent's lien because respondent's claim is secured by a lien and has been fully allowed pursuant to 11 U.S.C. § 502. *Id.* at 773. The court concluded that the claim in *Dewsnup* was unquestionably allowed in accordance with *11 U.S.C. § 502* and thus not subject to *11 U.S.C. § 506(d).* The Court reasoned that because the claim is "allowed" pursuant to § 502, that it does not come within the scope of 11 U.S.C. § 506(d). The Court made it clear that its opinion in *Dewsnup* was strictly limited to the facts before it, in other scenarios, an analysis of § 506 must be completed on a case-by-case basis.

Plaintiff contends that the present action, unlike *Dewsnup* is not an attempt to "strip down" a lien, but rather a complaint to "strip off" a lien in accordance with *Yi v. Citibank,* 219 B.R. 394 (1998). The *Yi* court, in making the distinction between "lien stripping" and "stripping off" a lien, quoting *In re Lam,* 211 B.R. at 36 (9th Cir. BAP 1997) notes that "stripping off" a lien occurs when the entire lien is avoided, where "stripping" down occurs where an under-secured lien is bifurcated and the unsecured portion is void. *Id.* at 37. Plaintiff surmises that because the total of the first two mortgages exceeds the value of the collateral, the third mortgage as held by the Defendant is unsecured and thus the value of Defendant's lien is void.

Plaintiff argues that in, *Yi,* as in this case, that the market analysis of the property at issue is less than the total of the first two mortgages and therefore the third mortgage is unsecured and essentially disallowed. This Court agrees that *Yi* is factually and legally analogous to the case at bar. In *Yi,* upon appeal, the 9th Circuit considered whether *Dewsnup* compelled dismissal of a complaint where the Debtor sought to "strip off" the lien of a third mortgage. The Court in *Yi* determined that the property had not retained value due to the full value having been pledged to other creditors. The *Yi* court reached this conclusion upon carefully analyzing the validity of the third deed of trust, in accordance with *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), which determined that a claim is severed "whenever the collateral retains any value not pledged to other creditors." Further, the *Yi* Court looked to *In re Geyer,* 203 B.R. 726 (Bankr.S.D.Cal.1996) and agreed that where a lien is unsecured rather than undersecured "there is no allowed secured claim [under § 506(a)]." This notion is well founded in the law and courts have been willing to find that unsecured claims are not to be treated as undersecured claims. See, e.g., *Yi, Nobelman, Geyer,*

*supra.* Thus, in the case at bar it is not the same proposition as bifurcation of a secured lien in accordance with *Dewsnup.* Moreover, the *Dewsnup* court readily acknowledged that its decision was fact specific and did not apply across the land. Indeed, *Dewsnup* was confined to the case where petitioner/debtor attempted to reduce the mortgage holder's lien to the fair market value of the property. In the instant case, as in *Yi,* the Debtor seeks to "strip off" a lien that is entirely unsecured as it is not secured by any value of the property, in accordance with 11 U.S.C. § 506(b) which voids an unsecured claim.

### *Conclusion*

This Court is satisfied that the Plaintiffs have fully stated a claim upon which relief may be granted. Accordingly, Defendant's motion to dismiss is hereby denied.

IT IS SO ORDERED.