253 F.3d 778 (4th Cir. 2001)
 DONALD E. RYAN; HARLEY A. RYAN, Plaintiffs-Appellants,
v.
HOMECOMINGS FINANCIAL NETWORK, Defendant-Appellee, and
SOVEREIGN BANK, successor in interest to FirstPlus Financial, Incorporated, Defendant.
DONALD E. RYAN; HARLEY A. RYAN, Plaintiffs-Appellants,
v.
SOVEREIGN BANK, successor in interest to FirstPlus Financial, Incorporated; HOMECOMINGS FINANCIAL NETWORK, Defendants-Appellees.
 No. 00-2137 No. 00-2138
 UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
 Argued: April 2, 2001
Decided: June 1, 2001
 
 Appeals from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CA-00-1443-PJM, CA-00-1444-PJM, BK-99-18568-PM)COUNSEL ARGUED: Alan David Eisler, PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG & COOPER, CHTD., Bethesda, Maryland, for Appel- lants. Michael Thomas Cantrell, FRIEDMAN & MACFADYEN, P.A., Baltimore, Maryland, for Appellees. ON BRIEF: Wendelin I. Lipp, PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG & COO- PER, CHTD., Bethesda, Maryland, for Appellants.
 Before LUTTIG and TRAXLER, Circuit Judges, and Lacy H. THORNBURG, United States District Judge for the Western District of North Carolina, sitting by designation.
 Affirmed by published opinion. Judge Thornburg wrote the opinion, in which Judge Luttig and Judge Traxler joined.
 OPINION
 THORNBURG, District Judge:
 In this appeal we are asked to decide whether a debtor who has filed for Chapter 7 bankruptcy may "strip off" an allowed unsecured lien pursuant to 11 U.S.C. S 506(d). Because we find that the Supreme Court's reasoning in Dewsnup v. Timm, 502 U.S. 410 (1992), is equally applicable to "strip offs" as to "strip downs", we hold that a debtor may not strip off an unsecured but allowed lien pur- suant to Section 506(d).
 I. BACKGROUND
 Appellants, husband and wife, filed a joint voluntary Chapter 7 bankruptcy petition. Their residence is subject to a valid first deed of trust having a principal balance due of $181,826. The property has a current fair market value of $179,000. The property is also subject to a consensual, bargained-for second deed of trust securing a loan in the amount of $47,305, payable to Sovereign Bank, successor in interest to FirstPlus Financial, Inc. The parties agree that the second deed of trust is a fully allowed claim, but wholly unsecured as to the property.
 Appellants subsequently filed a complaint in the bankruptcy pro- ceeding pursuant to 11 U.S.C. SS 506(a) and (d) requesting the bank- ruptcy court to strip off the second deed of trust as a wholly unsecured, and therefore void, lien.[1] No response to the complaint having been filed, Appellants filed a timely motion for entry of default and default judgment. The bankruptcy clerk entered default against FirstPlus Financial, Inc., on January 27, 2000. On March 20, 2000, however, the bankruptcy court declined to enter a default judg- ment, and instead, entered an order denying the motion. It also entered a separate, second order dismissing Appellants' complaint.
 By memorandum of decision filed with the foregoing orders, the bankruptcy court explained its reasoning concerning the orders and its refusal to strip off the second deed of trust.[2] By timely notice, the bankruptcy court's rulings were appealed to the district court. On August 14, 2000, without further discussion and by adopting the rea- soning of the bankruptcy court, the district court affirmed both orders of the bankruptcy court. Timely notice of appeal was filed.
 Appellate jurisdiction is based upon the provisions of 28 U.S.C. S 158(d), granting courts of appeal jurisdiction of appeals of all final decisions, judgments, orders, and decrees entered pursuant to 28 U.S.C. SS 158(a) and (b).
 A district court's conclusions of law are reviewed de novo. In re Shearson, 224 F.3d 346, 348-49 (4th Cir. 2000); In re Wilson, 149 F.3d 249, 251 (4th Cir. 1998). For the reasons that follow, we affirm the district court.
 II. ISSUES
 A. Default
 We first address Appellants' contention that the district court erred in affirming the bankruptcy court's orders dismissing the complaint and refusing to enter a default judgment in their favor. The position is not well taken.
 The defendant, by his default, admits the plaintiff's well- pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . As the Supreme Court stated in the "venerable but still definitive case" of Thomson v. Woos- ter: a default judgment may be lawfully entered only "ac- cording to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." The defendant is not held . . . to admit conclusions of law. In short, despite occa- sional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.
 Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (quoting Thomson v. Wooster , 114 U.S. 104, 113 (1884)) (internal quotations and other citations omitted). The court must, therefore, determine whether the well-pleaded allegations in Appellants' complaint support the relief sought in this action. Weft, Inc. v. G.C. Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986), aff'd, 822 F.2d 56 (table), 1987 WL 36124 (4th Cir. 1987). For the purpose of this decision, the complaint alleges, the default establishes, and the parties agree that the fair market value of the property is $179,000, that the amount owed to the holder of the first deed of trust is $181,876, and that the amount owed to the holder of the second deed of trust is $47,305.46. The district court correctly concluded that acceptance of these undisputed facts does not necessarily entitle the Appellants to the relief sought; in this case, stripping off the second deed of trust. Nishimatsu, 515 F.2d at 1206.
 B. Strip off
 We now address the primary issue before the court: May Chapter 7 debtors strip off an allowed junior lien on their residence where the senior lien exceeds the agreed fair market value of the real property?[3]
 Appellants contend that 11 U.S.C. S 506(a) determines the secured status of claims, and that pursuant to its provisions Appellee's junior lien is unsecured and therefore may be "stripped off" pursuant to 11 U.S.C. S 506(d). Section 506(a) provides in pertinent part:
 An allowed claim of a creditor, secured by a lien on prop- erty in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.
 11 U.S.C. S 506(a). Section 506(d) of that Title provides in part that "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."[4]
 In Dewsnup the Supreme Court addressed the question of whether Chapter 7 debtors could strip down a consensual lien against their real property. Those debtors' property was encumbered by a first deed of trust securing payment of $120,000. The property had an approximate value of $39,000, leaving an unsecured deficiency of approximately $81,000. The debtors then sought to have the secured lien "stripped down" to $39,000, the claimed fair market value of the property, pur- suant to the provisions of S 506(d). The relief sought by debtors was denied by the lower courts. The Supreme Court affirmed.
 [W]e hold that S 506(d) does not allow petitioner to "strip down" respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to S 502. Were we writing on a clean slate, we might be inclined to agree with petitioner that the words"allowed secured claim" must take the same meaning inS 506(d) as in S 506(a). But, given the ambiguity in the text, we are not convinced that Congress intended to depart from the pre- Code rule that liens pass through bankruptcy unaffected.
 502 U.S. at 778 (internal footnote omitted).
 Appellants contend however, that Dewsnup controls only a "strip down" of a partially secured lien, not a "strip off" of a wholly unse- cured lien, citing Howard v. Nat'l Westminster Bank, 184 B.R. 644, 646 (Bankr. E.D.N.Y. 1995), and other bankruptcy court decisions. We are not persuaded.
 The reasoning in Dewsnup is not ambiguous.
 The practical effect of [Appellants'] argument is to freeze the creditor's secured interest at the judicially determined valuation. By this approach, the creditor would lose the ben- efit of any increase in the value of the property by the time of the foreclosure sale. The increase would accrue to the benefit of the debtor . . . as a "windfall."
 [T]he creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortga- gor and the mortgagee. The voidness language sensibly applies only to the security aspect of the lien and then only to the real deficiency in the security. Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor . . . .
 . . .
 Under the Bankruptcy Act of 1898, a lien on real property passed through bankruptcy unaffected. This Court recently acknowledged that this was so. See Farrey v. Sanderfoot, 500 U.S. 291, 297 [ ] (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"); Johnson v. Home State Bank, 501 U.S. 78, 84 [ ] (1991) ("Rather, a bank- ruptcy discharge extinguishes only one mode of enforcing a claim -- namely, an action against the debtor in personam -- while leaving intact another -- namely, an action against the debtor in rem").
 Dewsnup, 502 U.S. at 417-18 (internal footnote omitted).
 [T]o attribute to Congress the intention to grant a debtor the broad new remedy against allowed claims to the extent that they become "unsecured" for purposes of S 506(a) without the new remedy's being mentioned somewhere in the Code itself or in the annals of Congress is not plausible, in our view, and is contrary to basic bankruptcy principles.
 Id., at 420. Following the Supreme Court's teachings in Dewsnup, as we must, we discern no principled distinction to be made between the case sub judice and that decided in Dewsnup. The Court's reasoning in Dewsnup is equally relevant and convincing in a case like ours where a debtor attempts to strip off, rather than merely strip down, an approved but unsecured lien.
 Appellants next contend that the Supreme Court's decision in Nobelman v. American Savings Bank, 508 U.S. 324 (1993), permits the stripping off of wholly unsecured liens. We disagree. Nobelman represented a debtor's effort under Chapter 13 (Bankruptcy Code, 11 U.S.C. SS 506(a) and 1322(b)(2)) to bifurcate an undersecured home- stead claim into a secured claim and an unsecured claim, thereby reducing the amount of the mortgage to the judicially determined fair market value of the property. A unanimous court denied the relief sought. The decision in no way affects the Court's ruling in Dewsnup, a Chapter 7 proceeding interpreting the relationship between 11 U.S.C. SS 506(a) and 506(d). Nobelman's only reference to Dewsnup is to affirm its language as to rights that were"bargained for by the mortgagor and the mortgagee." Nobelman, 508 U.S. at 329-30 (citing Dewsnup, 502 U.S. at 417). Indeed, the Nobelman Court made no ref- erence to (much less discussed) S 506(d), the code provision at issue here and in Dewsnup. We find no basis for divining language in Nobelman that contradicts or modifies in any respect the clear holding of Dewsnup.
 We are aware, as Appellants argue, that some courts are not in agreement with this analysis of Dewsnup. See Yi v. Citibank, 219 B.R. 394, 319 (E.D. Va. 1998) (Chapter 7 debtor's proceeding--"Because Citibank's lien is wholly unsecured, by definition it cannot be an `allowed secured claim.' From this it inexorably follows that the lien is void." (citing Howard, 184 B.R. at 644)); In re Smith, 247 B.R. 191 (W.D. Va. 2000); Farha v. First American Title Ins., 246 B.R. 547, 549 (Bankr. E.D. Mich. 2000) (where claim is unsecured rather than undersecured "there is no allowed secured claim under S 506(a)); Zemple v. Household Finance Corp., 244 B.R. 625 (Bankr. W.D. Ky. 1999) (same).
 Other courts have concluded, as do we, that a Chapter 7 debtor may not use S 506(d) to strip off an allowed, wholly unsecured consensual junior lien from real property.
 In Laskin v. First Nat'l Bank of Keystone, 222 B.R. 872 (9th Cir. 1998), Chapter 7 debtors sought to use S 506(d) to strip off a junior lien on their residence where the senior lien exceeded the fair market value of the real property.
 [W]hether the lien is wholly unsecured or merely underse- cured, the reasons articulated by the Supreme Court for its holding in Dewsnup [ ]--that liens pass through bankruptcy unaffected, that mortgagee and mortgagor bargained for a consensual lien which would stay with real property until foreclosure, and that any increase in value of the real prop- erty should accrue to the benefit of the creditor, not the debtor or other unsecured creditors--are equally pertinent. Neither Laskin nor the courts in Yi and Howard propound any rationale for distinguishing. . . . Section 506 was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code, not to confer an additional avoiding power on a Chapter 7 debtor.
 Id., at 876 (citation omitted). See also In re Fitzmaurice, 248 B.R. at 361-63 (Chapter 7 debtors may not use 11 U.S.C.S 506(d) to "strip off" completely unsecured junior mortgage liens from their property); In re Swiatek, 231 B.R. 26 (Bankr. D. Del. 1999) (Dewsnup reasoning applies whether lien is partially or wholly unsecured and extending Dewsnup rationale to judgment liens which are wholly unsecured); In re Virello, 236 B.R. 199 (Bankr. D.S.C. 1999) (refers to doctrine of stare decisis and prohibits use by Chapter 7 debtors of S 506(d) to strip off wholly unsecured consensual liens from real property).
 The majority opinion did not escape criticism from numerous scholars, see Cunningham, 246 B.R. at 246, or an erudite dissent by Justice Scalia, Dewsnup, 502 U.S. at 420. Even so, "[w]hile the opinion may be the subject of scholarly criticism, it remains the law of the land." Cunningham, at 246.
 
 
 1
 We accept the fact that in many cases junior lien holders may have little or no opportunity to recover all or even a part of their unsecured claims. Nevertheless, the parties bargained for their positions with knowledge that a superior lien existed. Under this Chapter 7 proceed- ing, they are entitled to their lien position until foreclosure or other permissible final disposition is had. Likewise, we are acutely aware that in the volatile, modern real estate market, substantial price varia- tions occur with weekly or monthly regularity.
 
 
 2
 In conclusion, we hold that an allowed unsecured consensual lien may not be stripped off in a Chapter 7 proceeding pursuant to the pro- visions of 11 U.S.C. SS 506(a) and (d).
 
 AFFIRMED
 
 
 Notes:
 
 
 [1]
 FirstPlus Financial, Inc., was lienholder at the time the complaint was filed and never responded to the complaint.
 
 
 [2]
 The decision, Cunningham v. Homecomings Financial Network, 246 B.R. 241 (Bankr. D. Md. 2000), was a joint opinion deciding two sepa- rate adversary proceedings including Appellants' action and the Cun- ningham action, both involving the same ultimate"strip off" question consolidated for disposition by the court. The Cunninghams did not appeal. However, Homecomings Financial Network, holder of the sec- ond Cunningham lien, was permitted to intervene by order of the bank- ruptcy court filed April 18, 2000, and then became an Appellee in this action.
 
 
 [3]
 "The term `strip down' is used when a mortgage is partially secured and partially unsecured, while the term `strip off' is used when a junior mortgage is totally unsecured." In re Fitzmaurice, 248 B.R. 356, 357 n.2 (Bankr. W.D. Mo. 2000).
 
 
 [4]
 "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects." 11 U.S.C. S 502(a).