In re Bruce and Marie DAVENPORT, Debtors.

No. 01–51029.

United States Bankruptcy Court, W.D. Kentucky.

Sept. 4, 2001.

David E. Arvin, Hopkinsville, KY, for debtor.

Logan B. Askew, Ben B. Wright, Jr., Hopkinsville, KY, John L. Day, Jr., Cincinnati, OH, Erika N. Taylor, Evansville, IN, for creditors.

## MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

This case comes before the court on the motion of Bruce and Marie Davenport (the

"Debtors"), to vacate the order terminating the stay with respect to realty owned by the Debtors located at 760 Davenport Lane in Hopkinsville, Kentucky (the "Property") for Area Bank, mortgagor, to proceed to enforce its rights against the Property.

### Factual Background

The Debtors filed bankruptcy on June 19, 2001, and on June 22, 2001, Area Bank filed a motion to terminate the stay and a motion for an order of abandonment on the Property. On July 5, 2001, the Debtors filed a response to Area Bank's motion to terminate stay, stating, as grounds for objecting to the motion, that 1) Area Bank has no equity in the Property, and 2) the Debtors intend to file an adversary proceeding against Area Bank "stripping the mortgage of Area Bank on the property." (Docket # 7). On July 12, 2001, the court signed the order terminating the stay for Area Bank to proceed to enforce its rights as a secured creditor and signed the order approving of the abandonment of the property.

The Debtors then filed this motion to vacate the order terminating stay, asserting that the Debtors objected within the 15 days permitted by the local rules, but that the court granted the stay motion without a hearing. For the following reasons, the court finds that the Debtors offered no valid basis to deny Area Bank's stay motion, and the court overrules the Debtors' motion to vacate the order terminating the stay.

### Legal Analysis

**A.** ***Equity in property is not "good cause" for a debtor to contest a stay motion in a Chapter 7 case.***

 Local Rule 9.1.3 provides that "[i]n a Chapter 7 case, if a response *which*

*states good cause* is filed within fifteen (15) days of the date of service of the motion for relief, a hearing will be scheduled within thirty (30) days of the date of filing of the motion." (Emphasis added). The Debtors timely filed a response to the stay motion of Area Bank. However, the Debtors' response failed to state "good cause" for contesting the stay motion.

In a Chapter 7 case, where the Trustee does not object to the stay motion of a creditor, the objections advanced by the Debtors have no merit and do not constitute "good cause" for contesting the stay motion. *See In re Cohen*, 141 B.R. 1 (Bankr.D.Mass.1992). The Trustee must determine whether the property in issue has value, or nonexempt equity, for the purpose of liquidation to satisfy the debtor's creditors. *Id.* 11 U.S.C. § 704(1) and § 726(a). In this situation, where the property appears to be encumbered, "the court will not disturb the Trustee's judgment that the mortgage holder should be permitted to liquidate." *Id.* As the *Cohen* court explains, section 362(d)(2) does not require otherwise.

> It [section 362(d)(2)] requires that the Court grant relief from the automatic stay where the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The limitations that this subsection places on relief from stay serve two purposes: in reorganization proceedings in which an effective reorganization is in prospect, it gives debtors the time necessary to obtain confirmation of a plan of reorganization; and in liquidation proceedings under Chapter 7, it protects the Trustee's prerogative to liquidate as he or she sees fit encumbered property in which the estate has equity.

*Cohen*, 141 B.R. at 1–2.

Moreover, section 521 of the Bankruptcy Code requires the debtor to file a state-

ment of intention indicating whether certain property will be surrendered, redeemed, or the debt reaffirmed. This statement must be filed within thirty days after the bankruptcy filing or by the date of the 341 meeting of creditors, whichever is earlier. 11 U.S.C. § 521(2)(A). Congress envisioned a short cooling-off period which customarily ends at the 341 meeting. By this time, the debtor has had the opportunity to negotiate reaffirmation agreements with creditors, or the stay motion of a creditor is granted and the debtor must surrender the property. The court is prohibited from forcing a creditor to enter into a reaffirmation agreement with the debtor, and therefore, in a no-asset Chapter 7 case, the granting of the stay motion permits the creditor to enforce a valid mortgage and proceed with foreclosure in state court.

■ The deadlines for the statement of intention and the 341 meeting of creditors mandate the disposition of the debtor's property. Either the Chapter 7 Trustee sells the property finding equity for the benefit of unsecured creditors or the creditor with a valid mortgage proceeds to foreclose against the property where no reaffirmation agreement is filed. There is a common misconception that the stay must remain in effect for the debtor to execute a reaffirmation agreement. To the contrary, the stay must terminate to allow the creditor to accept payments under the terms of the reaffirmation agreement. Likewise, the stay must terminate for the creditor to foreclose upon the property. After the stay is terminated, the creditor is free to negotiate a reaffirmation agreement with the debtor or foreclose, but under either scenario, the stay must terminate.

■ In summary, in a Chapter 7 no-asset case, when the Trustee does not object to the stay motion, "cause" exists under § 362(d)(1) for granting relief from

the stay. *Id.* at 2. In this case, the Trustee did not object to the stay or abandonment motion of Area Bank. The Debtors' objection to Area Bank's stay motion is meaningless. Thus, the court properly terminated the stay for Area Bank to proceed to enforce its rights against the Property.

**B.** *Section 506(d) does not confer an avoiding power on a Chapter 7 debtor.*

■ The Debtors' second ground for seeking relief from the stay order is that they intend to strip the mortgage of Area Bank on the Property. The Debtors listed the value of the Property as $77,000. The Debtors also scheduled four (4) consensual mortgages on the Property:

1. First mortgage of Homeside Lending, Inc., balance: $43,016

2. Second mortgage of Bank One, balance: $15,107

3. Third mortgage of Bank One, balance: $24,907

4. Fourth mortgage of Area Bank, balance: $62,002

For purposes of this decision, the Debtors' petition establishes that the sum of the mortgage liens senior to Area Bank's mortgage exceed the value of the Property. This decision does not constitute findings as to 1) the priority of liens against the Property, or 2) the exact balances due creditors.

This case presents the question of whether individual Chapter 7 debtors, whose property value is less than the amount of senior liens, may avoid wholly unsecured junior mortgages using 11 U.S.C. § 506(d). We address this question with knowledge that there exists a published decision from this District which answers this question in the affirmative. *Zempel v. Household Finance Corp. (In re*

*Zempel*), 244 B.R. 625 (Bankr.W.D.Ky. 1999).

*Zempel* holds that in a Chapter 7 case, junior liens may be "stripped off" or rendered void under § 506(d) when a senior lien (or liens) exceeds the property's value. According to *Zempel, Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) only prohibits the strip down of *partially* unsecured liens and does not apply to totally unsecured liens such as Area Bank's. 244 B.R. 625, 629 (Bankr.W.D.Ky. 1999). In *Dewsnup*, the Supreme Court held that § 506(d) does not permit the "strip down" of a consensual lien on real estate, applying the general rule that liens pass through bankruptcy unaffected. 112 S.Ct. at 778. The term "strip down" is used in the situation where the inferior mortgage is partially secured whereas "strip off" is used where the junior mortgage is totally unsecured. *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (footnote 3) (4th Cir.2001).

We recognize that there is disagreement among bankruptcy and district courts as to whether a debtor is able to use § 506(d) to "strip off" a consensual mortgage. Several courts permit a debtor to void a totally unsecured lien under § 506(d). *Yi v. Citibank*, 219 B.R. 394, 397 (E.D.Va.1998); *In re Smith*, 247 B.R. 191 (W.D.Va.2000); *Farha v. First American Title Ins.*, 246 B.R. 547, 549 (Bankr.E.D.Mich.2000); *Zempel v. Household Finance Corp.*, 244 B.R. 625 (Bankr.W.D.Ky.1999).

However, other bankruptcy and district courts conclude that § 506(d) is not available to the debtor to "strip off" a totally unsecured consensual mortgage on real estate. *In re Keltz*, 261 B.R. 845 (Bankr. W.D.Pa.2001); *Cunningham v. Homecomings Financial Network, et al. (In re Cunningham)*, 246 B.R. 241 (Bankr.D.Md. 2000); *In re Fitzmaurice*, 248 B.R. 356, 361–63 (Bankr.W.D.Mo.2000); *In re Swia-*

*tek*, 231 B.R. 26 (Bankr.D.Del.1999); *In re Cater*, 240 B.R. 420 (M.D.Ala.1999); *In re Virello*, 236 B.R. 199 (Bankr.D.S.C.1999); *Laskin v. First National Bank of Keystone*, 222 B.R. 872, 876 (9th Cir. BAP 1998). We agree with *Fitzmaurice* that the parties to the mortgage bargained for their positions and the mortgagee is entitled to maintain its lien position until foreclosure or other final disposition of the real property. 248 B.R. at 364.

This court adopts the flawless reasoning and the holding of the Fourth Circuit in *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir.2001), which is the only Circuit court case to address this issue. *See also, Laskin v. First National Bank of Keystone*, 222 B.R. 872 (9th Cir. BAP 1998). We agree with the Fourth Circuit that *Dewsnup's* reasoning is equally applicable in a case where a debtor attempts to strip off a wholly unsecured consensual mortgage. *Ryan*, 253 F.3d at 782.

> *Dewsnup* teaches that, unless and until there is a claims allowance process, there is no predicate for voiding a lien under § 506(d). Absent either a disposition of the putative collateral or valuation of the secured claim for plan confirmation in Chapter 11, 12 or 13, there is simply no basis on which to avoid a lien under § 506(d).
>
> Section 506(d) standing alone does nothing. The section is efficacious only upon combination with a lien-avoiding provision of the bankruptcy code.

*Cunningham*, 246 B.R. at 247.

In *Dewsnup*, the Supreme Court held that a Chapter 7 debtor may not invoke § 506(d) to strip down an unsecured mortgage to the value of the collateral nor use § 506(d) to bifurcate the mortgage into two claims with a secured and unsecured portion. 112 S.Ct. at 778. *See also In re Willis*, 157 B.R. 617, 619 (Bankr.N.D.Ohio 1993). In *Dewsnup*, the Supreme Court

articulated one of the key reasons for its prohibition in Chapter 7 cases of lien stripping: liens pass through bankruptcy unaffected and mortgagees and mortgagors bargain for a consensual lien which stays with the real property until foreclosure, resulting in the creditor benefitting from any increase in the value of the property. 502 U.S. at 417, 112 S.Ct. 773. Consistent with *Dewsnup*, in the absence of disposition of collateral in a Chapter 7 no-asset case, a debtor is prohibited from avoiding a junior consensual lien under 11 U.S.C. § 506(d). Borrowing a quote from the BAP in *Laskin*, "section 506 was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code, not to confer an additional avoiding power on a chapter 7 debtor." 222 B.R. at 876.

*Dewsnup* explains that § 506(d) provides a mechanism for avoiding a lien when the claim it secures has not been allowed. *See Laskin*, 222 B.R. at 876 (citing *Dewsnup*, 502 U.S. at 415–16, 112 S.Ct. 773). Section 506(d) may be used in conjunction with § 727, § 1129, § 1225, or § 1325 to avoid a lien. However, in a Chapter 7 proceeding, where there are no assets to administer, the claims allowance process is meaningless. The trustee's report of no distribution notifies creditors that they need not go through the exercise of filing claims as there are no unencumbered assets to liquidate to generate payments to the creditors. In this case, Area Bank has already abandoned the Property, removing the asset from the court's jurisdiction altogether.

Moreover, there is no predicate for the Debtors to file an adversary proceeding to strip Area Bank's mortgage as § 506(d) does not confer standing on a debtor or anyone, for that matter, to avoid a lien. *Laskin*, 222 B.R. at 876. As articulated by the BAP in *Laskin*, "506(d) provides the avoidance consequences of implementing a host of discrete powers conferred in other parts of the Code rather than acting as an avoiding power per se." 222 B.R. at 876. The purpose of § 506 is to facilitate the valuation and disposition of property in the reorganization chapters of the Code. 222 B.R. at 876.

■ Finally, the Debtors cannot utilize 11 U.S.C. § 522(f) to avoid Area Bank's mortgage as § 522(f) does not permit a debtor to avoid a consensual lien. Section 522(f)(1) only permits a debtor to avoid judicial liens (which are non-consensual in nature) or nonpossessory, nonpurchase money security interests in household furnishings and other items specified in § 522(f)(1)(B). If Congress had intended to provide a mechanism for a Chapter 7 debtor to avoid a consensual mortgage, it could have easily inserted a specific provision in § 522(f). We simply find no statutory basis for the Debtors to strip off Area Bank's mortgage.

### *Conclusion*

We hold that in a Chapter 7 no-asset case, a debtor may not avoid a consensual junior lien under 11 U.S.C. § 506(d) where the senior lien (or liens) exceeds the value of the property. The Debtors provided no valid basis for objecting to Area Bank's stay motion, and therefore, the court properly signed the order terminating the stay. The Debtors' assertion that this court should vacate the stay order is likewise groundless as the bankruptcy code fails to provide a mechanism in this Chapter 7 case for the Debtors to strip off Area Bank's mortgage on the Property. An order has been entered this same date overruling the Debtors' motion to vacate the court's order terminating the stay with reference to Area Bank.