OPINION
GILMAN, Circuit Judge.
Jimmy Lea Allman II and Shirley Jean Allman, having placed themselves in Chapter 7 bankruptcy, seek to avoid Irvin Home Equity, Inc.’s second mortgage on their property. They base their claim on a plain-meaning interpretation of § 506 of the United States Bankruptcy Code. Spe *817 cifically, they argue that the Irvin lien is unsecured, as defined by § 506(a), because the unpaid balance of the first mortgage on their property is greater than the property’s fair market value. The Allmans further contend that because the Irvin lien should be deemed unsecured, they may avoid or “strip off’ the lien from then-property under § 506(d). Their statutory interpretation of § 506, however, has just been rejected by a decision of this court in In re Talbert, 344 F.3d 555 (6th Cir.2003). For this reason, we AFFIRM the decision of the district court granting summary judgment for Irvin.
I. BACKGROUND
On November 25, 1998, the Allmans secured a $46,800 loan from Household Financial Services by executing a first mortgage against their home in Elkton, Kentucky. A second mortgage on the residence was subsequently executed by the Allmans in favor of Irvin. The balance remaining on the Irvin mortgage is $14,924.
On June 16, 2000, the Allmans filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. At the time the Allmans filed for bankruptcy, their home was valued at $45,000, which was less than the outstanding balancing on the first mortgage. The Irvin claim was “allowed” in the confirmation of the All-mans’ Chapter 13 bankruptcy plan, but described as “unsecured.” According to the plan, the Allmans were required to pay 37 percent of their debt to Irvin. Before paying anything to Irvin, however, the All-mans converted their case to one under Chapter 7 of the Bankruptcy Code.
An order discharging the Allmans was entered on May 10, 2001, following the Chapter 7 trustee’s report of no assets. At oral argument, counsel explained that the Allmans subsequently entered into a post-discharge agreement with Household Financial, according to which they could remain in their home if they made regular payments on the first mortgage. If the Allmans are successful in satisfying the Household Financial debt, they would like to own their home free and clear of the second mortgage held by Irvin. The All-mans, therefore, brought an adversary proceeding in bankruptcy court to obtain an order declaring that the Irvin hen was void. They argued that because the hen had no value, it was void under 11 U.S.C. § 506(a) and (d).
The bankruptcy court entered judgment in favor of Irvin, adopting the reasoning of In re Davenport, 266 B.R. 787 (Bankr. W.D.Ky.2001), which held that the Bankruptcy Code does not permit avoidance of a consensual junior hen despite the fact that the senior hen exceeds the value of the property. Id. at 791. On appeal, the district court affirmed the bankruptcy court’s conclusion that hens, even those that are likely valueless, pass through bankruptcy unaffected. This court, shortly thereafter, held in In re Lane, 280 F.3d 663 (6th Cir.2002), that where a creditor holds a second mortgage on a residence valued at less than the debtor’s secured obhgation to the first mortgagee, a Chapter 13 plan may modify the rights of the second mortgagee. Id. at 664. Believing that In re Lane dictated a reversal in then-case, the Allmans filed a motion for reconsideration in the district court. The district court found In re Lane distinguishable and reaffirmed that a debtor may not avoid a valueless security interest in a Chapter 7 proceeding. From this decision, the Allmans appeal.
II. ANALYSIS
A. Standard of review
Where a case originates in the bankruptcy court but comes to this court on appeal from a district court’s decision, we *818 review the decision of the bankruptcy court rather than that of the district court. In re Cannon, 277 F.3d 838, 849 (6th Cir.2002). We apply the “clearly erroneous” standard to the bankruptcy court’s findings of fact and de novo review to its conclusions of law. Id.
B. Inability of a Chapter 7 debtor to strip off a valueless second mortgage
The Allmans contend that Irvin’s junior lien is unsecured and thus may be avoided or “stripped off’ pursuant to 11 U.S.C. § 506(d). For the reasons set forth in this court’s decision in In re Talbert, filed on September 24, 2003, the Allman’s claim is without merit. The Talbert opinion engages in a thorough analysis of the relevant legal principles and holds that “a Chapter 7 debtor may not use 11 U.S.C. § 506 to ‘strip off an allowed junior lien where the senior lien exceeds the fair market value of the real property.” 2003 WL 22187986, at *6. In re Talbert is binding precedent on this panel, and, moreover, we fully agree with its rationale and conclusion. Because the Irvin junior lien was indisputably an allowed claim in the bankruptcy proceeding, it may not be avoided pursuant to 11 U.S.C. § 506(d).
III. CONCLUSION
We therefore AFFIRM the decision of the district court granting summary judgment for Irvin.