**In re: Elvin Hershel TROBAUGH Carlene Allen Trobaugh, Debtor(s).**

**No. 05–10121.**

United States Bankruptcy Court, W.D. Kentucky.

Sept. 12, 2005.

Benjamin D. Rogers, Attorney at Law, Glasgow, KY, for Debtors.

Stephanie L. McGehee-Shacklette, Bowling Green, KY, for Creditors.

## MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the Court on a Motion to Avoid Lien of Edmonton State Bank ("Bank") of Debtors Carlene Allen Trobaugh and Elvin Hershel Trobaugh ("Debtors") and the Objection to Motion to Avoid Lien of the Bank. The Court considered the arguments of counsel at the July 21, 2005 hearing, the Memorandum of Law of Debtors and the Brief in Support of Objection to Debtors' Motion to Avoid Lien of the Bank. For those reasons set forth below, the Court DENIES Debtors' Motion to Avoid Lien.

## PROCEDURAL AND FACTUAL BACKGROUND

On January 25, 2005, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On June 28, 2005, Debtors filed their Motion to Avoid Lien of the Bank on a 1995 16X70 Reflection mobile home, pursuant to 11 U.S.C. § 522(f).

On July 13, 2005, the Bank filed its written Objection to Motion to Avoid Lien on the mobile home.

The Court held a hearing on July 21, 2005 and allowed the parties to brief the issues raised and subsequently took the matter under submission.

On or about August 12, 2002, Debtors refinanced a debt in favor of the Bank by executing a Note, Disclosure and Security Agreement in favor of the Bank in the amount of $15,404.34. The Security Agreement granted the Bank a lien on the Debtors' 2000 Chevrolet pickup truck.

On January 6, 2003, the Bank filed suit against the Debtors to enforce the Note. A default judgment was entered against the Debtors.

On March 18, 2003, the Debtors and the Bank entered into a First Amended Agreed Judgment in which Debtors agreed to give the Bank a lien on their mobile home in consideration of the Bank's forbearance on foreclosure and collection on the pickup truck. The Monroe County Clerk recorded a lien on the title of the mobile home based upon the First Amended Agreed Judgment.

The Debtors defaulted on the payment terms of the First Amended Agreed Judgment and the 2000 Chevrolet pickup truck was repossessed and sold for $6,000.00 on March 18, 2005. The Debtors' mobile home was ordered to be sold by the Master Commissioner on January 28, 2005. Debtors filed their Chapter 13 Voluntary Petition which stopped the sale of the mobile home.

### LEGAL ANALYSIS

Debtors contend they are entitled to avoid the Bank's lien pursuant to 11 U.S.C. § 522(f) because the First Amended Agreed Judgment created a judicial lien in favor of the Bank. The Bank, however, contends that the lien is a consensual, unavoidable lien. The Court determines that the Bank's lien is a consensual lien and thus not subject to avoidance.

The Bankruptcy Code defines a "security interest" as a lien created by agreement. As the Bank notes in its brief, involuntary secured claims are fixed by operation of law, such as judicial or statutory liens. These type of liens do not require the debtor to give consent. *United ed States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Clearly, the lien obtained by the Bank on the Debtors' mobile home was a consensual lien. Debtors' voluntarily agreed to give the Bank the lien on the mobile home in exchange for the Bank's forbearance. There is no provision in 11 U.S.C. § 522(f) that allows a debtor to avoid a consensual lien. *See, In re Davenport*, 266 B.R. 787 (Bankr.W.D.Ky.2001). Accordingly, the Bank's lien on Debtors' mobile home is unavoidable and Debtors' Motion must be denied.

### CONCLUSIONS

For all of the above reasons, the Debtors' Motion to Avoid the Lien of Edmonton State Bank is **DENIED**. An Order accompanies this Memorandum–Opinion.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Avoid Lien of Edmonton State Bank of Debtors Carlene Allen Trobaugh and Elvin Hershel Trobaugh, be and hereby is, **DENIED**.